IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

**RAKSHINDA PARVEZ,**         *

   *Plaintiff*,         *

v.

                                     *         Civil Case No.: 1:22-CV-02520-JMC

**TESLA MOTORS, INC., et al.,**

                                       *

   *Defendant.*

       *   *   *   *   *   *   *   *   *   *

## MEMORANDUM OPINION AND ORDER

Plaintiff, Rakshinda Parvez, filed the present lawsuit against Defendant, Tesla Motors, Inc., in the Circuit Court for Baltimore County, Maryland, on March 3, 2022. (ECF No. 3). Defendant removed the case to this Court on October 3, 2022. (ECF No. 1). Plaintiff subsequently amended her Complaint on November 3, 2022, asserting a negligence claim against Defendant due to Defendant's employee allegedly striking her with a vehicle at a Tesla service center. (ECF No. 17 at 1-3).[1] Presently before the Court is Plaintiff's Motion for Extension of Discovery. (ECF No. 47). The Court has considered Defendant's Response, (ECF No. 52), and Plaintiff has not filed a Reply brief. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). For the reasons set forth herein, Plaintiff's Motion will be GRANTED in part and DENIED in part.

This Court initially set a discovery deadline of June 19, 2023 for this case in a November 18, 2022 Scheduling Order. (ECF No. 21). On June 2, 2023, the Court granted the parties' Joint Consent Motion to Modify Remaining Scheduling Order Deadlines, setting a discovery deadline of August 18, 2023. (ECF No. 26). The Court then extended the discovery deadline for a second

---

[1] When the Court cites to a specific page number or range of page numbers, the Court is referring to the page numbers provided in the electronic filing stamps located at the top of every electronically filed document.

time on August 10, 2023, granting the parties' Joint Consent Motion to Modify Discovery Deadline and continuing the deadline to December 9, 2023. (ECF No. 29). On November 29, 2023, this Court again granted a Joint Consent Motion to Modify Discovery Deadline, continuing the deadline to March 9, 2024. (ECF No. 33). Plaintiff's former counsel was granted leave to withdraw on May 8, 2024, and Defendant requested an extension of the discovery deadline to October 31, 2024, so as to permit investigation of a related allegation of bodily injury made by Plaintiff in a separate incident and to allow Plaintiff time to obtain new counsel. (ECF No. 38). This request was granted. (ECF No. 39). Most recently, Defendant moved to extend the discovery through December 16, 2024, noting that additional depositions had taken place related to the separate incident and requesting additional time to determine whether further discovery was needed. (ECF No. 44). Plaintiff indicated she did not oppose the extension, and the Court granted Defendant's Motion. (ECF No. 45).

Plaintiff, who is now proceeding *pro se*, moved for a 90-day extension of the discovery deadline on December 13, 2024. (ECF No. 47). Plaintiff submits that an extension is warranted because she is attempting to hire a new attorney, and conducting discovery without counsel is not possible because she is not fluent in English. *Id.* Defendant opposes Plaintiff's Motion, citing the numerous prior extensions and the fact that it is "unclear what additional discovery Plaintiff seeks to conduct." (ECF No. 52 at 2).

A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). District Courts have broad discretion in managing the timing of discovery, and "the only formal limitation on this discretion with respect to consideration of motions to amend scheduling orders is that the moving party demonstrate good cause." *Innovative Therapies, Inc. v. Meents*, 302 F.R.D. 364, 382 (D. Md. 2014) (citing *Ardrey v. United Parcel Serv.*, 798 F.2d 679,

2

682 (4th Cir. 1986)). The good cause standard "is shown when the moving party demonstrates that the scheduling order deadlines cannot be met despite its diligent efforts." *Innovative Therapies, Inc. v. Meents*, 302 F.R.D. 364, 382 (D. Md. 2014) (citing *Potomac Elec. Power Co. v. Elec. Motor Supply, Inc.*, 190 F.R.D. 372, 375 (D. Md. 1999) (citations omitted)); *see also Norris v. PNC Bank, N.A.*, No. ELH-20-3315, 2021 WL 1294121, at *2 (D. Md. April 7, 2021).

The Court finds that Plaintiff has established good cause to extend the discovery deadline. Defendant reports that the parties have worked cooperatively through the discovery process, but that additional time has been required because Plaintiff is an out-of-state resident and is Urdu-speaking. (ECF No. 52 at 2). All but two of the discovery extensions thus far have been jointly requested, and the remaining and most recent two extensions were sought by Defendant. Plaintiff additionally filed her motion for an extension prior to the expiration of the current deadline. *Compare Willes v. Wells Fargo Bank, N.A.*, No. CCB-12-137, 2015 WL 1237193, at *2 (explaining that the defendant's unexplained tardiness in filing his motion for an extension 6 months after the scheduled conclusion of discovery was "reason enough to justify denying his motion"); *Sanders v. Enos Contractors*, No. ELH-13-2590, 2015 WL 13022279, at *1 (D. Md. Dec. 4, 2015) ("Although pro se litigants are given liberal treatment by courts, even pro se litigants are expected to comply with time requirements and other procedural rules without which effective judicial administration would be impossible.") (internal citations and quotation marks omitted).

Given Plaintiff's *pro se* status and her representation to the Court that she has been unable to conduct discovery on her own because she is not fluent in English, the undersigned believes that there is good cause to permit Plaintiff a short extension to seek new counsel and engage in additional discovery if necessary. However, the Court is also mindful that this case was first filed in 2022, and that Plaintiff's claims stem from an incident alleged to have occurred in 2019. A

slightly shorter extension, of 60, rather than 90 days, is therefore appropriate. The Court additionally forewarns the parties that, absent extraordinary circumstances, no further extensions of the discovery period will be granted.

For the reasons stated above, Plaintiff's Motion to Extend Discovery (ECF No. 47) is GRANTED in part and DENIED in part. Accordingly, it is hereby ORDERED that:

1) The parties shall complete discovery by March 17, 2025; and
2) The parties are directed to jointly file a status report with the Court on or before March 17, 2025, which shall include a proposed briefing schedule for dispositive motions, if applicable.

IT IS SO ORDERED.

Date: January 15, 2025

/s/
J. Mark Coulson
United States Magistrate Judge

4